No. 3783.—F. B. LAMBETH, Widow, et als., *v.* F. B. DE BELLEVUE, Collector, et als.

Questions in relation to the validity of judgments rendered against a parish, and appropriations made by the police jury to pay them, with other accounts of the receiving and disbursing officers of the parish, can not be inquired into in an injunction suit taken out by a tax-payer against the tax collector of the parish. Nor can the right to the office of tax collector, or any other officer in the parish, be tested in such a proceeding.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *Miller*, J.    *Cullom & Walsh*, for plaintiffs and appellants. *A. H. Bordelon* and *L. J. Ducote*, for defendants and appellees.

WYLY, J. The plaintiffs enjoin the collection of their State and parish taxes, amounting to $1378 69, alleging that the collector, De Bellevue, is not the duly qualified collector of State and parish taxes; that as to the parish tax, it is " exorbitant, oppressive and illegal;" that it was made to cover sums the parish does not owe; that those who made the appropriation were unauthorized to do so, being usurpers and not legally elected and qualified members of the police jury; that

F. B. Lambeth, Widow, et als., v. De Bellevue, Collector, et als.

they could not stand in judgment as a police jury, and all the judgments rendered against Evariste J. Joffrion and Armand D. Lafargue, as presidents of the police jury of Avoyelles, at different periods, are not and can not be made executory against said parish, because they were not presidents of any legally constituted police jury ; that the appropriation allowed is extravagant and unjust, because the account allowed Ducote, sheriff, for his services, is exorbitant, and is without precedent in the history of the parish ; that the account of Edwards for printing parish warrants is also unjust, illegal and oppressive, and should not have been allowed ; that the entire appropriation of $10,433 is illegal and oppressive, because the said usurpers had no authority to make it, and because the amount thereof has not been expended for the benefit of the parish ; that the amount for which the various judgments have been rendered against the parish should not be collected, because the parish is not liable, " as the forms of law were not observed by the police jury in authorizing the undertaking," in virtue of which the debts were contracted to be paid ; that the items of expenditure for which the taxes were assessed were not published according to law ; that said judgments against the parish are void, because the usurpers, pretending to be police jurors, did not, when contracting the debts for which the judgments were rendered, provide for the raising of funds to pay said debts ; that the subsequent attempt to raise money to pay them is unconstitutional and void, and those who sought to bind the parish by said judgments are without recourse upon said parish ; that said judgments are void, and all the appropriations by said illegal and unauthorized persons styling themselves police jurors are null and of no effect.

The prayer of the petition is that the judgments against the parish be annulled, and also the appropriations to pay the same ; that the account of Ducote, sheriff, be declared extravagant, unjust and illegal ; that the account of Frank and Edwards be also declared unjust, exorbitant and undue ; that the commissions allowed the collector be declared exorbitant, and the sum appropriated therefor be disallowed, it having been allowed by individuals who were without authority to bind the parish ; that the assessments be declared null ; that the office of assessor of the parish of Avoyelles be declared vacant, and that De Bellevue, the tax-collector, be enjoined from collecting the various assessments for State and parish taxes against them, amounting to $1378 69, and for general relief.

The answer is a general denial.

The court rejected plaintiffs' demand and dissolved the injunction, and they have appealed.

The evidence shows that the tax collector is a legal officer and entitled to collect the taxes.

The title of the members of the police jury to the offices administered by them can not be inquired into in this form of proceeding. That they are bad financiers and have made extravagant appropriations are questions that this court can not determine. As they are to a limited extent a branch of the political department, they necessarily have some discretion in administering parochial affairs. If they have displayed little discretion, and have not administered the business of the parish prudently and economically, it is a misfortune incident to every species of legislation. The courts will not undertake to exercise a supervisory control over these organizations.

It is only when they have violated some special provision of the law, or where they have acted without authority, that the court in a proper proceeding will interfere and correct the evil.

The police jury in the case before us seems to have complied substantially with the law in making the appropriations; and although some of the accounts which it has allowed and proposed to pay may be extravagant, they are, nevertheless, debts due by the parish, and such as the police jury may legally pay.

As to the judgments against the parish, they have the force and effect of the thing adjudged, and their validity can not be questioned in this collateral attack. No pretext whatever is set up or shown for enjoining the collection of the State taxes.

Indeed, the whole proceeding shows a palpable desire on the part of the plaintiffs to avoid the payment of taxes. There are several questions argued in the brief which we will not notice, because no issues of the kind are made in the pleadings or stated in the petition as grounds for the injunction. It is shown, however, that the collector added twenty-five per cent. to the amount which he was ordered by the court to collect, in order to pay the several judgments against the parish; and that he added this sum to cover the expense of collecting, which was ten per cent., and also to allow for delinquencies, there being many persons on the tax rolls who would not be able to pay their part of this special tax. It is shown that the police jury has been in the habit of allowing this extra sum to cover delinquencies. It would be impossible for the collector, when making the assessment under the judgments of the court, to know the exact amount to collect from each person, so that when the collection is over there will remain no surplus in his hands. He can not know how many will prove delinquent, and how promptly others will pay, while the interest on the judgments is increasing in the meantime. Under the circumstances we think the collector was not unreasonable in adding the twenty-five per cent. to cover expenses of collecting and the deficiency resulting from the delinquent list. If there shall be any sum remaining from this special assessment to pay the judgments against the parish, of course it must

be returned to the owners thereof. The collector thinks, after all the collectable tax claims are enforced, there may be a surplus of $2700 of the fund to pay judgments. If so, the surplus ought to be returned to the several tax-payers, in proportion to the amount overpaid by each. Whether there will be enough without collecting the taxes from the defendants is no ground for them to urge in support of the injunction.

That others have been more honest is no reason for them to refuse to pay taxes.

It is therefore ordered that the judgment herein be affirmed with costs, without prejudice to the defendants to claim any surplus that may be due them out of the special tax, if any shall remain after the collection is completed, and the judgments, interest and costs, and also the costs of collecting the tax, are all paid.

Rehearing refused.